UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N⁰ 11-cv-2905(JFB)

———————————

KAREN MARIE THOMPSON

Appellant,

VERSUS

JP MORGAN CHASE BANK, N.A.,

Appellee.

———————————

**MEMORANDUM AND ORDER**
March 8, 2012

———————————

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the voluntary bankruptcy proceeding of debtor Karen Marie Thompson ("Thompson" or "appellant"), under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In particular, *pro se* appellant appeals from the Order Granting Relief from the Automatic Stay dated March 25, 2011 (the "March 25 Order") of the Honorable Alan S. Trust ("Judge Trust"). In the March 25 Order, the Bankruptcy Court vacated the automatic bankruptcy stay to permit JP Morgan Chase Bank, N.A. ("JP Morgan" or "appellee") to foreclose upon appellant. On April 18, 2011, appellant filed a Notice of Appeal (the "Notice of Appeal") of the March 25 Order.[1]

Appellee now moves to dismiss the instant appeal on the ground that it is untimely, pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. Appellee also moves to dismiss the appeal on the ground that the Bankruptcy Court did not abuse its discretion because: (1) appellant failed to take appropriate steps to adjourn the hearing regarding the lift of the stay, and (2) appellee made a *prima facie* showing of cause to lift the stay, and appellant has not attempted to rebut appellee's *prima facie* case. For the reasons set forth below, the Court grants appellee's motion to dismiss the appeal. Specifically, the Notice of Appeal is untimely and thus, the Court lacks

———

[1] Thompson filed her appeal of the March 25 Order with the Clerk of the Bankruptcy Court on April 18, 2011. The appeal was not docketed by the Clerk of the District Court until June 16, 2011. Accompanying appellant's complaint is an application to proceed *in forma pauperis*. The Court grants Thompson's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

jurisdiction to consider it. In any event, even assuming *arguendo* that the Notice of Appeal had been timely filed, the Court concludes that the appeal fails on the merits.

I. BACKGROUND

Appellant filed a Chapter 7 Voluntary Petition on January 19, 2011. On February 11, 2011, JP Morgan moved for relief from the automatic stay. (Motion to Vacate the Automatic Stay, JP Morgan Record, Feb. 14, 2012, ECF No. 9-1.[2]) On March 4, 2011, Thompson filed an opposition to JP Morgan's motion and moved to postpone the return date of the motion, which was March 24, 2011. (Opposition to Motion to Vacate the Automatic Stay and Motion to Postpone, JP Morgan Record, Feb. 14, 2012, ECF No. 9-2.) Both Thompson and JP Morgan agree that a hearing on JP Morgan's motion was scheduled for March 24, 2011 (the "March 24 Hearing"). (Thompson's Br. at 1, Feb. 1, 2012, ECF No. 8; JP Morgan's Br. at 6, Feb. 14, 2012, ECF No. 10.)

According to Thompson, Thompson contacted JP Morgan's counsel on March 5, 2011, to request an adjournment of the March 24 Hearing. (Thompson's Br. at 1, Feb. 1, 2012, ECF No. 8.) According to Thompson, JP Morgan's attorney agreed to an adjournment of the hearing to April 1, 2011. (*Id.* at 1-2.) Thompson alleges that, at that time, she was represented by an attorney who had been in contact with JP Morgan regarding a mortgage modification and a forensic audit of the mortgage. (*Id.* at 2.)

---

[2] On February 14, 2012, JP Morgan submitted the bankruptcy record on appeal, which includes the filings and Orders relevant to this appeal. All citations to the record submitted by JP Morgan will include the docket entry of JP Morgan's submission in the instant action.

According to JP Morgan, Thompson contacted JP Morgan's attorney on March 21, 2011, to request an adjournment of the March 24 Hearing. (JP Morgan's Br. at 7, Feb 14, 2012, ECF No. 10.) According to JP Morgan, JP Morgan's attorney advised Thompson to contact the Bankruptcy Court, obtain a new date for the hearing, and advise JP Morgan's attorney of the adjourned date. (*Id.*) When JP Morgan's attorney did not hear back from Thompson, JP Morgan's attorney appeared in court on March 24, 2011, and the hearing was held. (*Id.*)

Both parties agree that the hearing was held on March 24, 2011. (Thompson's Br. at 1, Feb. 1, 2012, ECF No. 8; JP Morgan's Br. at 7, Feb. 14, 2012, ECF No. 10.) On March 25, 2011, Judge Trust entered the March 25 Order ("Order Granting Relief from the Automatic Stay"). (Order, JP Morgan Record, Feb. 14, 2012, ECF No. 9-3.) The Bankruptcy Court noted that Thompson had filed an opposition to JP Morgan's motion, but she had failed to appear at the hearing. (*Id.*)

On April 15, 2011, Thompson filed a motion for reconsideration of the March 25 Order. (Motion for Reconsideration, JP Morgan Record, Feb. 14, 2012, ECF No. 9-4.) On April 18, 2011, Thompson filed the instant appeal of the March 25 Order. (Notice of Appeal, June 16, 2011, ECF No. 1.) On May 5, 2011, JP Morgan filed an opposition to Thompson's motion for reconsideration. (Affirmation in Opposition, JP Morgan Record, Feb. 14, 2011, ECF No. 9-6.)

On May 9, 2011, the Bankruptcy Court issued an "Order Scheduling Hearing on Motion for Reconsideration." (Order, *In re Thompson*, No. 11-70183-ast, May 9, 2011, ECF No. 21.) In that Order, Judge Trust indicated that "[d]espite the Debtor's unexcused absence at the [March 24]

Hearing, the Court considered [Thompson's] Opposition. At the conclusion of the [March 24] Hearing the Court determined that the stay relief was appropriate given the ongoing payment default and the lack of equity in the Premises." (*Id.* at 1-2.)

The Bankruptcy Court held a hearing on June 2, 2011 on the motion for reconsideration of the March 25 Order. (Order Denying Motion to Reconsider, JP Morgan Record, Feb. 14, 2011, ECF No. 9-7.) On June 21, 2011, Judge Trust entered an "Order Denying Motion to Reconsider Order on Motion for Relief from Stay." (*Id.*)

Thompson's only challenge on appeal is that Thompson was denied the assistance of counsel and the opportunity to properly argue at the hearing held on March 24, 2011. Thompson argues that JP Morgan was given an unfair and strategic advantage over Thompson when Thompson was not allowed to argue at the hearing. (Thompson's Br. at 2, Feb. 1, 2012, ECF No. 8.)

### III. DISCUSSION

#### A. Timeliness of Appeal

JP Morgan argues that Thompson's appeal of the March 25 Order is time-barred. The Court agrees.

#### 1. Legal Standard

Under Rule 8002 of the Federal Rules of Bankruptcy Procedure, "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order or decree appealed from." Fed. R. Bankr. P. 8002(a). If a party makes one of the enumerated motions in Rule 8002(b)(1)-(4), "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R. Bankr. P. 8002(b). This tolling provision applies to a motion for reconsideration pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, "if the motion is filed no later than 14 days after the entry of judgment." Fed. R. Bankr. P. 8002(b)(4); *see also Coe v. RJM, LLC*, 372 F. App'x 188, 189 n.* (2d Cir. 2010) (summary order) ("Rule 8002 was amended effective December 1, 2009, to provide that a motion for reconsideration filed pursuant to Bankruptcy Rule 9024 within 14 days after the entry of judgment . . . tolls the time to appeal.").

Construing Rule 8002(a), the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (quotation marks omitted) (agreeing with district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal because Notice of Appeal was untimely pursuant to Rule 8002(a)); *see also Delafield 246 Corp. v. City of New York*, No. 07-CV-6238(LAP), 2007 WL 4103830, at *1 (S.D.N.Y. Nov. 13, 2007) (dismissing bankruptcy appeal on jurisdictional grounds where appellant filed untimely Notice of Appeal); *Schapiro v. Gazes (In re Schapiro)*, No. 06 Civ. 2685 (DLC), 2006 U.S. Dist. LEXIS 56474, at *4 (S.D.N.Y. Aug. 15, 2006) (holding that *pro se* "Appellant's Notice of Appeal was not timely filed. Compliance with Rule 8002 is mandatory

and jurisdiction."); *In re Premier Operations*, 290 B.R. 33, 37 (S.D.N.Y. 2003) ("failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's orders.").

### 2. Analysis

The Bankruptcy Court entered the March 25 Order on March 25, 2011.[3] Thompson's motion for reconsideration was filed on April 15, 2011 and her appeal before this Court was filed on April 18, 2011. In order for Thompson to have filed a timely appeal, Thompson was required to file her Notice of Appeal by April 8, 2011.[4] Thompson did not file her Notice of Appeal until April 18, 2011. As such, the Notice of Appeal is untimely.

Thompson's filing of a motion for reconsideration on April 15, 2011 did not toll Thompson's time to file the Notice of Appeal. Tolling only occurs if the motion for reconsideration was filed fourteen days after the entry of judgment. Thompson was required to file her motion for reconsideration by April 8, 2011 in order to toll the deadline to file her Notice of Appeal before this Court. As the motion for reconsideration was filed on April 15, 2011, the deadline to file a Notice of Appeal was not tolled.

Thompson's Notice of Appeal is untimely and the Court lacks jurisdiction to consider it.[5]

### B. Merits of Appeal

JP Morgan also argues that the Bankruptcy Court did not abuse its discretion in granting JP Morgan's motion to lift the automatic stay because: (1) appellant failed to take appropriate steps to adjourn the hearing regarding the lift of the stay, and (2) appellee made a *prima facie* showing of cause to lift the stay, and appellant has not

---

[3] Under Rule 9022 of the Federal Rules of Bankruptcy Procedure, immediately on the entry of an order, the Clerk is required to serve a "notice of entry in the manner provided in Rule 5(b) of the F. R. Civ. P. on the contesting parties." Fed. R. Bankr. P. 9022(a). In her brief on appeal, Thompson does not allege that she never received the March 25 Order from the Court. JP Morgan served a Notice of Entry upon Thompson on April 8, 2011. Even if Thompson alleged that she did not receive notice of the Bankruptcy Court's March 25 Order until after JP Morgan's April 8, 2011 mailing, "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." *Id.*; *see also Warrick v. Birdsell (In re Warrick)*, 278 B.R. 182, 187 (9th Cir. 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets. Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal timely." (citing *Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627, 632 (9th Cir. 1995))).

[4] Rule 8002(a) provides that the Notice of Appeal shall be filed with the clerk within 14 days of the date of the entry of judgment, order, or decree appealed from, and this time-period includes weekends and holidays, pursuant to Rule 9006(a)(1)(B). Thompson's period of fourteen days to file a Notice of Appeal ran from March 26, 2011 to April 8, 2011.

[5] The Court is aware that Rule 8002 permits the bankruptcy judge to extend the time for filing a notice of appeal under certain circumstances – namely, "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later." Fed. R. Bankr. P. 8002(c)(2). Here, Thompson failed to file any request for an extension to submit her Notice of Appeal, timely or otherwise.

4

attempted to rebut appellee's *prima facie* case. Because the Court finds that Thompson's Notice of Appeal was untimely filed and this Court lacks jurisdiction over it, the Court need not review the Bankruptcy Court's legal conclusions. However, in an abundance of caution, the Court conducts a review of the merits of Thompson's appeal.

1. Legal Standard

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree" or it may "remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007); *see also Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d 100, 103 (2d Cir. 2007) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law *de novo*, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion." (citations omitted)); *accord Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs Inc.)*, 922 F.2d 984, 988-89 (2d Cir. 1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Collins v. Hi-Qual Roofing & Siding Materials, Inc.*, Nos. 02-CV-0921E(F), 02-CV-0922E(F), 2003 WL 23350125, at *4, n.16 (W.D.N.Y. Dec. 18, 2003) ("[A] finding is only clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard precludes this Court from reversing the Bankruptcy Court's decision if its account of the evidence is plausible, even if this Court is convinced that it would have weighed the evidence differently." (quoting *In re B. Cohen & Sons Caterers, Inc.*, 108 B.R. 482, 484 (E.D. Pa. 1989))).

The Court will review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) ("we may overturn a denial of a motion to lift the automatic stay upon a showing of abuse of discretion"); *In re Case*, 384 F. App'x 43, 44 (2d Cir. 2010) ("We review a decision to lift an automatic stay for abuse of discretion."); *In re Great Atlantic & Pacific Tea Co., Inc.*, No. 11-CV-3558 (CS), 2012 WL 264187, at *3 (S.D.N.Y. Jan. 30, 2012) ("A bankruptcy court's equitable discretion – such as its determination on a motion to lift the automatic stay – is reviewed for abuse of discretion.").

2. Analysis

Thompson appeals the Bankruptcy Court's decision to hold the March 24 Hearing without Thompson present and the decision to lift the stay to allow JP Morgan to foreclose on Thompson's property. The Court finds that the Bankruptcy Court did not abuse its discretion when it held the March 24 Hearing and when it issued the March 25 Order lifting the automatic stay. Even under *de novo* review, the Court finds the Bankruptcy Court was correct to lift the automatic stay.

a. Bankruptcy Court's Decision to Hold the March 24, 2011 Hearing

Thompson argues that the Bankruptcy Court should not have held the March 24 hearing when she did not appear at the hearing. The Court interprets Thompson's argument to be that the Bankruptcy Court violated her due process rights by holding the hearing without her.[6]

Under 11 U.S.C. § 362(d), a bankruptcy court may grant relief from an automatic stay "after notice and a hearing." 11 U.S.C. § 362(d). The Bankruptcy Code states that "after notice and a hearing" "means after such notice as is appropriate in the particular circumstances, and such opportunity as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A); *see also In re George*, 4 F. App'x 357, 360 (9th Cir. 2001) ("Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (citing *Walthall v. United States*, 131 F.3d 1289, 1294 (9th Cir. 1997))).

The Court finds that the Bankruptcy Court did not abuse its discretion when it decided to proceed with the March 24 Hearing when Thompson failed to appear and failed to request an adjournment of the March 24 Hearing from the Bankruptcy Court. Thompson does not allege in her appeal that the Bankruptcy Court issued an order adjourning the March 24 Hearing or agreed to adjourn the March 24 Hearing. Thompson seems to allege that because JP Morgan's counsel agreed to an adjournment, the March 24 Hearing should not have been held. As Thompson had notice of the March 24 Hearing and the Bankruptcy Court took no action to adjourn it, the Bankruptcy Court's decision to hold the March 24 Hearing did not violate due process. Thompson had sufficient notice and opportunity to be heard at the March 24 Hearing.

In any event, Thompson suffered no prejudice due to her failure to appear at the March 24 Hearing, as the Bankruptcy Court fully considered her arguments on the merits set forth in her opposition to JP Morgan's motion to vacate the stay, and the Bankruptcy Court held a hearing in connection with Thompson's motion for reconsideration, and Thompson participated in that hearing. (Order at 1-2, *In re Thompson*, No. 11-70183-ast, May 9, 2011, ECF No. 21; Order Denying Motion to Reconsider, JP Morgan Record, Feb. 14, 2011, ECF No. 9-7.) The Bankruptcy Court again adhered to its ruling that the stay should be lifted. (Order Denying Motion to Reconsider, JP Morgan Record, Feb. 14, 2012, ECF No. 9-7.)

b. Bankruptcy Court's Decision to Lift the Stay

Though Thompson's appeal mainly focuses on the events surrounding the March 24 Hearing, Thompson also implies that the Bankruptcy Court's decision to lift the stay was an abuse of discretion. This Court finds that the Bankruptcy Court's March 25 Order

---

[6] To the extent Thompson alleges that the Court's decision to proceed with the March 24 Hearing denied her of "assistance of counsel" (Thompson's Br. at 2, Feb. 1, 2012, ECF No. 8.), the Court finds that there is nothing in Thompson's appeal that suggests that (1) counsel ever appeared on Thompson's behalf in the Bankruptcy Court, (2) her purported counsel requested an adjournment of the March 24 Hearing, or (3) Thompson formally requested an adjournment from the Bankruptcy Court so that counsel could participate in the March 24 Hearing. Had Thompson been represented by counsel at this time, as she alleges in her appeal brief, counsel could have entered an appearance and participated in the bankruptcy proceedings. The Bankruptcy Court undertook no action that denied Thompson effective assistance of counsel.

6

lifting the automatic stay was not an abuse of discretion.

> Under 11 U.S.C. § 362,
>
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under the subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if - -
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d)(1)-(2). With respect to subsection (1), the Court must consider the test articulated by the Second Circuit in *In re Sonnax Industries Inc.*, 907 F.2d 1280 (2d Cir. 1990). There, "the Second Circuit provided a non-exclusive list of factors that may be relevant in determining whether an automatic stay should be lifted for 'cause' under § 362(d)(1)." *In re Watkins*, Nos. 06-CV-1341(DGT), 06-CV-597(DGT), 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008).[7] With respect to subsection (2), "[a] creditor has the burden of establishing that the debtor has no equity in the property, the burden [then] shifts to the debtor to prove that the property is necessary to an effective reorganization." *2670 West Ridge Road, LLC v. Real Estate Asset Purchase Corp.*, No. 10-CV-6095-CJS, 2010 WL 3516584, at *2, (W.D.N.Y. Sept. 3, 2010) (internal quotations and citation omitted).

The Court finds that the Bankruptcy Court did not abuse its discretion when it lifted the automatic stay. Even under *de novo* review of the Bankruptcy Court's decision, the Court finds that (1) cause existed to lift the stay, and (2) Thompson did not have equity in the property and had not established that the property was necessary to an effective reorganization.

Considering all of the *Sonnax* factors, the Court finds that cause existed to lift the stay pursuant to 11 U.S.C. § 362(d)(1). In its motion to vacate the automatic stay, JP Morgan established that Thompson had not made mortgage payments since December 1, 2008, JP Morgan had begun foreclosure proceedings against Thompson in state court, and JP Morgan continued to expend money for taxes and insurance related to the property. (Motion to Vacate the Automatic Stay, JP Morgan Record, Feb. 14, 2012, ECF No. 9-1.)

---

[7] These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax Indus., Inc.*, 907 F.2d at 1286.

The Court also finds that the stay was properly lifted under 11 U.S.C. § 362(2). JP Morgan established that Thompson had no equity in the property. (*Id.*) In her opposition to JP Morgan's motion, Thompson did not dispute the facts alleged, but rather stated that she was engaged in talks with JP Morgan regarding a mortgage modification and was requesting a forensic evaluation of the mortgage to determine if it was predatory.[8] (Opposition to Motion to Vacate the Automatic Stay and Motion to Postpone, JP Morgan Record, Feb. 14, 2012, ECF No. 9-2.)

It is evident from the record that the stay was properly lifted pursuant to 11 U.S.C. 362(d)(1)-(2). Thompson, in her appeal, offers no evidence to suggest that the stay should not have been lifted. As such, the Court affirms the lift of the stay in this action.

### IV. CONCLUSION

For the foregoing reasons, appellee's motion to dismiss the appeal is granted. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 8, 2012
       Central Islip, NY

\* \* \*

Appellant is proceeding *pro se*: 4 Naomi Court, Melville, NY 11747. Appellee JP Morgan Chase Bank, N.A. is represented by Shari Seltzer Barak, Shapiro & DiCaro, 777 Larkfield Road, Commack, NY 11725.

---

[8] Thompson stated that JP Morgan told her that insurance and taxes would be held in abeyance and incorporated into the modified mortgage payment if a modified payment was approved. (Opposition to Motion to Vacate the Automatic Stay and Motion to Postpone, JP Morgan Record, Feb. 14, 2012, ECF No. 9-2.) Even if JP Morgan made this representation to Thompson, it does not negate the fact that taxes and insurance costs were accruing on the property.